UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA JONES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   14-2304** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL.** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER & REASONS

Before the Court is a **Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted, and/or Pursuant to FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction (R. Doc. 5)**, filed by Board of Supervisors of the University of Louisiana System, Michael Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray, and Mike McGill (collectively "Defendants"). The motion is opposed. *See* R. Doc. 8. The motion was decided on the briefs.

## I.    Background

This is an employment discrimination case filed pursuant to the Due Process Clause of the Fifth Amendment of the U.S. Constitution, the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et, 5 U.S.C. § 2302, and 42 U.S.C. § 1985(3). Plaintiffs, Angela Jones and Rasheda Gandolfo, filed this action against their former employer, the Board of Supervisors of the University of Louisiana System ("Board"), for wrongful termination, retaliation, and sexual harassment. The Plaintiffs also filed this action against their former supervisors and co-workers,  Michael Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray, and Mike McGill, for conspiring to intentionally create a hostile work environment in violation of § 1985(3).

In the complaint the Plaintiffs, two African American women, allege that they were subjected to unfair treatment and harassment based on race and gender.[1] Jones alleges that various employees of Southeastern Louisiana University ("SLU") used racial epithets and related terminology to harass her based on her race.[2] She alleges that she was subjected to an unwarranted investigation, repeated suspensions, and was terminated for poor performance but was not given the option to resign as was provided to similarly situated white employees.[3]

Gandolfo alleges that she was exposed to sexually inappropriate comments and behavior by her co-worker, Dennis Elzey.[4] Gandolfo alleges that Elzey would make sexual comments about her clothing and once stated that she should pose for Playboy because she has a nice body and figure.[5] Gandolfo alleges that she informed the SLU EEOC Compliance Officer, Eugene Prejean, but Elzey was not properly disciplined for his conduct.[6] Gandolfo alleges that after she filed her grievance against Elzey, he would continue to follow her even though he was told by his supervisors to not communicate with her.[7] Gandolfo further alleges that her position was reassigned and that she was eventually terminated for low leave balances but similarly situated white employees were not terminated for the same offense.[8]

––––––––––––––––––––––––

[1] *See* R. Doc. 1.

[2] *Id.* at 5

[3] *Id.* at 6-11.

[4] *Id.* at 12.

[5] *Id.* at 12-13.

[6] *Id.* at 14-15.

[7] *Id.* at 16.

[8] *Id.* at 17-18.

In the instant motion, the Defendants seek to dismiss the Plaintiffs' complaint contending that the complaint fails to allege sufficient facts to state a claim under federal law and have failed to establish jurisdiction under 28 U.S.C. § 1331.[9] Defendants filed the subject motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to 12(b)(1) for lack of subject matter jurisdiction.[10]

## II.   <u>Standard of Review</u>

Under Rule 12(b)(1) and (6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Moreover, "[f]actual allegations must be enough to raise a right

---

[9] *See* R. Doc. 5-1, at 3.

[10] *Id.*

to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Guidry v. Am. Pub. Life Ins. Co*., 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.  *See Id.*

## III.  Analysis

Defendants argue that the Plaintiffs' only assertion of jurisdiction are general statements and that the Plaintiffs do not set forth facts and necessary elements establishing federal law causes of action.[11]  Defendants contend that the general statements are naked asserts devoid of further factual enhancement and are prohibited under the pleading standards in *Iqbal*.[12]

---

[11] *See* R. Doc. 5, at 2.

[12] *See* R. Doc. 5-1, at 2-3.

Defendants aver that the Plaintiffs have an obligation to provide the grounds for their entitlement to relief, which requires more than labels and conclusions.[13] Defendants contend that the Plaintiffs' failure to state a claim upon which relief can be granted results in a failure to establish jurisdiction under 28 U.S.C. § 1331.[14]

Plaintiffs assert that they have set forth, in plain and simple language, a host of claims upon which relief can be granted.[15] The Plaintiffs cite to Rule 8 and argue that they are only required to set forth a short and plain statement of the claim showing they are entitled to relief and that the Rules require no technical form of pleading.[16] Plaintiffs aver that their complaint goes beyond the basic pleading requirements and sufficiently alleges facts of discriminatory treatment on the basis of race and gender that violate the Equal Protection Clause of the Fourteenth Amendment and Title VII.[17]

Plaintiffs further aver that their complaint directly states the basis for the Court's jurisdiction under 28 U.S.C. § 1331 pursuant to Title VII, which states that each United States district court shall have jurisdiction over actions brought pursuant to Title VII.[18] Additionally, Plaintiffs contend that they specifically notified the Court of their compliance with

---

[13] *See* R. Doc. 5, at 2.

[14] *See* R. Doc. 5-1, at 2.

[15] *See* R. Doc. 8, at 3.

[16] *Id.* at 1.

[17] *Id.* at 2.

[18] *Id.* at 3.

administrative prerequisites incorporated within Title VII, including the fact that they received their "Right to Sue" letter and filed this action within ninety (90) days of its issuance.[19]

The notice pleading standard is well established in the federal system. In *Erickson v. Pardus,* the United States Supreme Court stated that to meet the requirements of federal notice pleading, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 551 U.S. 89, 93 (2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555).

Cognizant of the notice pleading standard, the Court will now assess whether the Plaintiffs set forth sufficient factual allegations that are enough to raise a right to relief under each cause of action. In the "Nature of the Action" section of the Plaintiffs' complaint, they state six causes of action: (1) violation of the Due Process Clause of the Fifth Amendment; (2) violation of the Due Process Clause of the Fourteenth Amendment; (3) violation of the Equal Protection Clause of the Fourteenth Amendment; (4) violation of Title VII; (5) violation of the federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8); and (6) violation of 42 U.S.C. § 1985(3).

A.    **Rule 12(b)(1) – Subject Matter Jurisdiction**

As an initial matter, the Defendants contend that the Plaintiffs do not set forth facts and necessary elements to establish federal law causes of action and should be dismissed pursuant to Rule 12(b)(1). When challenging a court's subject matter jurisdiction pursuant to Rule 12(b)(1), there are two types of challenges: facial attacks and factual attacks. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Since the Defendants' motion was not accompanied by

---

[19] *Id.* at 4.

supporting evidence contradicting the Plaintiffs' jurisdictional allegations, the Court concludes that the current challenge is a facial attack based solely on the pleadings. *See Brown v. Peterson*, No. 7:03 CV 0205, 2006 WL 349805, at *4 (N.D. Tex. Feb. 3, 2006).

Federal-court subject matter jurisdiction is granted pursuant to 28 U.S.C. §§ 1331 and 1332, where § 1331 provides for federal question jurisdiction and § 1332 provides for diversity of citizenship jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S. Ct. 1235, 1244 (2006). In determining federal question jurisdiction, the Court looks to see "whether a case 'arises under federal law' and whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'" *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Here, it is clear that the Plaintiffs only allege federal law claims, and therefore, the Court determines that it has subject matter jurisdiction and the Defendants' motion to dismiss pursuant to Rule 12(b)(1) is denied.

**B.**  **12(b)(6) – Failure to State a Claim**

**1.**  **Fifth Amendment Due Process Violation**

Due process rights under the United States Constitution "are expressly created by the Fifth and Fourteenth Amendments to the United States Constitution." *Quebedeaux v. Guillory*, No. 6:12-CV-00849, 2013 WL 749511, at *5 (W.D. La. Jan. 31, 2013) *report and recommendation adopted*, No. 6:12-CV-00849, 2013 WL 749506 (W.D. La. Feb. 27, 2013). However, it is well established that the Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without due process of law and the Due Process Clause of the Fourteenth Amendment prohibits the States. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Consequently, the Fifth Amendment applies only to due process violations by a federal actor and does not apply to due process violations by state actors. Here,

the Defendants are not federal actors and the Fifth Amendment is not applicable. Thus, the Plaintiffs' claims under the Fifth Amendment are dismissed.

### 2. Fourteenth Amendment Due Process Violation

Under the Due Process Clause, there are two types of protections: substantive and procedural. "Substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, [whereas] procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Suggs v. Lowndes Cnty. Sch. Dist.*, 804 F. Supp. 2d 510, 519 (N.D. Miss. 2011) (*Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996)). In the Plaintiffs' complaint, however, they do not specifically allege which theory of due process was violated, so the Court will consider both theories.

### a. Procedural Due Process

The Supreme Court has found that procedural due process entitles a public employee with a property interest in their employment if such interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). Thus, a property interest in public employment can be created by "state statute, local ordinance or rule, written contract, or mutually explicit understanding under state law as an implied contract." Christian v. City of Dallas, 64 F. Supp. 2d 617, 624 (N.D. Tex. 1999).

Under Louisiana law, "[i]t is well established that a permanent, classified civil service employee has a property interest in retaining his job. Thus, such an employee cannot be terminated without due process of law." *Hudson v. Dep't of Pub. Safety & Corr., Louisiana State*

*Penitentiary*, 682 So. 2d 1314, 1318 (La. 1st Cir. App. 1996) (citing *Brown v. Housing Authority of New Orleans*, 590 So. 2d 1258, 1260 (La. App. 1st Cir. 1991)).

Here, the Plaintiffs do not allege to have a property interest in their employment with SLU and do not allege to be classified employees with a property interest in retaining their jobs. Therefore, based on the complaint's failure to allege sufficient facts to give rise to a cause of action for violation of procedural due process, this claim is dismissed.

### b.    Substantive Due Process

According to the Fifth Circuit, "[t]o succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Harrington v. Harris*, 118 F.3d 359, 368 (5th Cir. 1997) (citing *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993)). As stated above, the Plaintiffs do not set forth sufficient facts alleging that they had a property interest in their employment with SLU. Since the Plaintiffs fail to satisfy this first requirement, the Plaintiffs' substantive due process claim must also be dismissed.

### 3.    Fourteenth Amendment Equal Protection Violation

The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." To make out an equal protection claim "the plaintiff must prove that similarly situated individuals were treated differently." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) (citing *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999). As the Supreme Court has noted, "whenever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the

Constitution's guarantee of equal protection." *Grutter v. Bollinger*, 539 U.S. 306, 327 (2003) (internal quotation marks and citation omitted). "To state a claim of racial discrimination under the Equal Protection Clause . . . the plaintiff 'must allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Price v. Jefferson Cnty.*, 470 F. Supp. 2d 665, 686-87 (E.D. Tex. 2006) (internal quotation marks omitted) (quoting P*riester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004)).

The Plaintiffs collectively allege claims of race-based wrongful termination, sexual harassment, and retaliation for engaging in a protected activity. In the complaint, the Plaintiffs allege that (a) they are members of a protected class; [20] (b) they were subjected to intentional discriminatory treatment during their employment with SLU;[21] (c) similarly situated white employees were treated differently;[22] (d) they were terminated due to their race;[23] (e) Gandolfo was subjected to unwelcome sexual harassment that was wilfully disregarded by the supervisors at SLU; [24] and (f) they both made grievances to supervisors and filed EEOC complaints, but were subsequently given low performance reviews, suspended without pay, and ultimately terminated.[25]

---

[20] *See* R. Doc. 1, at 2.

[21] *See id.* at 3.

[22] *See id.* at 9, 18.

[23] *Id.*

[24] *Id.* at 12-17, 20-21.

[25] *Id.* at 5, 8 -11, 13-14, 16, 18.

It is well established that sexual harassment in public employment and the use of race as a motivating factor in an adverse employment action violate the equal protection clause. *See Lauderdale v. Texas Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 165 (5th Cir. 2007) ("[S]exual harassment in public employment violate[s] the Equal Protection Clause of the Fourteenth Amendment."); *Chestang v. Alcorn State Univ.*, 820 F. Supp. 2d 772, 780 (S.D. Miss. 2011) ("[T]here is no question that sexual harassment is a deprivation of the right to equal protection and violates the Fourteenth Amendment."); *Fairman v. Konteh*, 361 F. Supp. 2d 704, 708-09 (N.D. Ohio 2005) ("The Court also finds that the right not to be terminated because of race is clearly established.").

Based on the Plaintiffs' factual allegations in the complaint, the Court finds that they sufficiently state a claim for violation of the Equal Protection Clause due to race-based termination and sexual harassment. Unlike the summary judgment standard that requires an evidentiary pleading standard, the Plaintiffs only need to allege sufficient facts at this stage to give the Defendants fair notice of the claims and the grounds upon which they rests. *See Parker v. State of La. Dep't of Educ. Special Sch. Dist.*, No. CIV.A. 07-369-C, 2007 WL 2751213, at *1-2 (M.D. La. Sept. 18, 2007) (citing *Swierkiewica v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992 (2002)). Here, the Plaintiffs' allegations set forth the underlying facts concerning the various instances of the alleged discrimination as well as the key players in the discriminatory acts. These allegations are enough to make out a cognizable claim and provide fair notice to the Defendants of their claims.

However, Plaintiffs claim for retaliation is not cognizable under the Equal Protection Clause. Courts have held that "[a]lthough claims of retaliation are commonly brought under the First Amendment and may also be brought under Title VII, retaliation claims growing out of

11

complaints of employment discrimination have not been recognized under the Equal Protection Clause of the Fourteenth Amendment." *Matthews v. City of W. Point, Miss.*, 863 F. Supp. 2d 572, 604 (N.D. Miss. 2012); *Price v. Jefferson Cnty.*, 470 F. Supp. 2d 665, 687-88 (E.D. Tex. 2006); *see also Teigen v. Renfrow*, 511 F.3d 1072, 1086 (10th Cir. 2007) ("The mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause."). As such, the Plaintiffs cannot allege an actionable claim for retaliation under the Equal Protection Clause and the claim is dismissed.

### 4.      Title VII Violation

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1).

As previously noted, the Plaintiffs collectively allege race-based wrongful termination, retaliation for engaging in a protected activity, and sexual harassment, which are all cognizable claims under Title VII. Furthermore, the Court finds that the Plaintiffs allege sufficient facts[26] to make out Title VII claims for wrongful termination and sexual harassment claims for the reasons assigned in the Court's Equal Protection Clause analysis.  *See Fisher v. Univ. of Texas Med. Branch*, No. CIV. A. H-08-1273, 2010 WL 173401, at *6 (S.D. Tex. Jan. 14, 2010) (citing *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009)) ("Discrimination and hostile work

---

[26] *See supra* Part III.A, notes 20-25.

environment claims brought under the Equal Protection Clause are subject to the same analysis as those brought under Title VII.").

As for Plaintiffs' retaliation claims, the Court finds that they also allege sufficient facts to state a claim upon which relief can be granted. A retaliation claim under Title VII requires the plaintiff to have engaged in a protected activity and to have suffered an adverse employment action due to the protected activity. *Phongsavane v. Potter*, No. CIVASA05CA0219-XR, 2005 WL 1514091, at *4 (W.D. Tex. June 24, 2005). Protected activity includes opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding or hearing under Title VII. *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 862 (S.D. Tex. 2010).

Here, the Plaintiffs allege that they complained to supervisors and the administration of race-based harassment and sexual harassment in the workplace and filed EEOC charges. Jones alleges that after she filed an EEOC complaint her job was threatened by Defendant Michael Prescott for filing the complaint and she was given repeated low performance evaluations and suspensions without pay.[27] Gandolfo alleges that after she filed an EEOC complaint for sexual harassment she was reassigned to the position of time-keeper, which is a task that had never been assigned to only one individual.[28] Both Plaintiffs allege that they were ultimately terminated at some time after they made their complaints of discrimination and harassment. Based on these allegations, the Court finds that the Plaintiffs make out a cognizable claim for retaliation and provide fair notice to the Defendants of their claims.

---

[27] *See* R. Doc. 1, at 6, 8.

[28] *Id*. at 13, 16-17.

     5.      **Whistleblower Protection Act, 5 U.S.C. § 2302(8)**

The purpose of the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), is to "prohibit[] governmental agencies from taking adverse personnel actions against employees or applicants for employment because the employee or applicant disclosed information that the employee or applicant believed evidenced a violation of law by the government or gross mismanagement of funds." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 376 (5th Cir. 2007).

However, the WPA was created to "protect[] employees of federal agencies" and does not protect state employees. *Nichols v. Truscott*, 424 F. Supp. 2d 124, 142 (D.D.C. 2006); *see also Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1582 (Fed. Cir. 1996) ("[T]he the purpose of the WPA is to 'protect[ ] federal employees.'"); *Bell v. Watkins*, No. 10-CV-0789, 2012 WL 5835767, at *3 (W.D. La. June 14, 2012) *report and recommendation adopted*, No. CIV.A. 10-789, 2012 WL 5835762 (W.D. La. Nov. 16, 2012) ("WPA protects federal employees.").

Therefore, the Plaintiffs do not have a cognizable claim under the WPA because they do not allege that they were employees of a federal agency and do not allege that the Board is a federal agency. As such, the Plaintiffs' claims under 5 U.S.C. § 2302(b)(8) must be dismissed for failure to state a claim upon which relief can be granted.

     6.      **42 U.S.C. § 1985(3)**

To make out a claim under 42 U.S.C. § 1985(3), "a plaintiff must allege that two or more persons have conspired to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws." *St. Martin v. Jones*, No. CIV.A. 08-1047, 2008 WL 4412267, at *7 (E.D. La. Sept. 17, 2008) (citing *Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 757 (5th Cir. 1987)). Furthermore, a plaintiff must also allege "some racial, or perhaps otherwise class-

based, invidiously discriminatory animus behind the conspirator's action." *Grifin v. Breckenridge,* 403 U.S. 88, 102-03, 91 S. Ct. 1790 (1971).

When considering whether a plaintiff has sufficiently alleged a claim under § 1985(3), the Court has held that a plaintiff's allegations can be "substantiated by circumstantial evidence because 'conspirators rarely formulate their plans in ways susceptible of proof by direct evidence.'" *St. Martin*, 2008 WL 4412267, at *7-8 (quoting *Smith v. Tangipahoa Parish Sch. Bd.*, No. Civ. A. 05-6648, 2006 WL 3395938, at * 17 (E.D. La. Nov.22, 2006)). In *St. Martin*, the Court found that the plaintiffs alleged sufficient facts to make out a § 1985(3) claim by stating that there was a litany of complaints against one defendant and that the other defendants knew about the complaints but chose not to act upon them. 2008 WL 4412267, at *8.

Here, the Plaintiffs allege that Defendants Mike Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray, and Mike McGill acted in collusion and in concert with each other to intentionally create an insufferably hostile work environment for the Plaintiffs. After reviewing the Plaintiffs' complaint, the Court finds that the Plaintiffs allege sufficient facts to make out a claim under § 1985(3) against Prescott, Knudsen, Brady, Bray and McGill based on the following.

The Plaintiffs allege that Prescott scolded Jones about filing an EEOC complaint, blocked her from a promotion because of her race, and subjected her to harassment after she was given the promotion.[29] Plaintiffs allege that Bray and McGill maintained an atmosphere of racism by using the acronym of "N.B.N" to mean "Niggers being Niggers" and using the term "Democrats" to refer to African Americans.[30] As for Knudsen, the Plaintiffs allege that he harassed Jones

---

[29] *See* R. Doc. 1, at 6-8.

[30] *Id.* at 11.

based on race, wore a t-shirt that stated "K.K.K," and would always force Jones to leave Gandolfo's desk but would allow Elzey, Gandolfo's sexual harasser, to continue his unwelcome visits despite Gandolfo's repeated complaints.[31]

The Plaintiffs' allege that Brady, the Human Resources Director, knew about their complaints against the other Defendants. The Plaintiffs allege that after Jones complained to Brady about Knudsen wearing a shirt that said K.K.K., Brady responded "that's just his initials."[32] While the Court notes that Kevin Knudsen's first and last name begin with a "K," his middle name is not in the record to substantiate Brady's comment and to demonstrate that his response was not a failure to act upon Jones's complaint. Furthermore, the Court notes that based on the chronology of the Plaintiffs' complaint, some grievances were rectified after a complaint was reported to Brady by the Plaintiffs but do not demonstrate an affirmative response on the part of Brady. For example, the Plaintiffs allege that Jones complained to Brady about not getting a promotion based on her race and allege that 20 days later she met with Brady's supervisor and was promoted to Police Officer 1.[33] From the facts alleged, we do not know whether Brady acted upon her complaint or if he played any role in her subsequent promotion.

Additionally, the Plaintiffs allege knowledge among the alleged conspirators. The Plaintiffs allege that all of their co-workers were aware of the harassment and that both women made complaints that were known to the Defendants. Taking the Plaintiffs' allegations as true,

---

[31] *Id.* at 16.

[32] *Id.* at 11.

[33] *Id.* at 7.

the Plaintiffs allege sufficient facts at the pleading stage to state a claim under § 1985(3) against Prescott, Knudsen, Brady, Bray, and McGill.

## IV.    <u>Conclusion</u>

Based on the foregoing,

**IT IS ORDERED** that Defendants' **Motion to Dismiss Pursuant to FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted, and/or Pursuant to FRCP 12(b)(1) for Lack of Subject Matter Jurisdiction (R. Doc. 5)** is **GRANTED in part** and **DENIED in part.**

Defendants' motion to dismiss pursuant to FRCP 12(b)(1) is **DENIED.**

Defendants' motion to dismiss pursuant to FRCP 12(b)(6) is **GRANTED** as to Plaintiffs' claims against the Defendant the Board of Supervisors of the University of Louisiana pursuant to the Due Process Clause of the Fifth Amendment; Due Process Clause of the Fourteenth Amendment; the Equal Protection Claim of the Fourteenth Amendment for retaliation; and 5 U.S.C. § 2302(b)(8).

Defendants' motion to dismiss pursuant to FRCP 12(b)(6) is **DENIED** as to Plaintiffs' claims against the Defendant the Board of Supervisors of the University of Louisiana pursuant to the Equal Protection Claim of the Fourteenth Amendment for wrongful termination and sexual harassment; and Title VII for wrongful termination, sexual harassment, and retaliation. Defendants' motion to dismiss is further **DENIED** as to Plaintiffs' claims against Defendants Michael Prescott, Kevin Knudsen, Carmen Bray, Kevin Brady and Mike McGill pursuant to 42 U.S.C. § 1985(3).

 **IT IS FURTHER ORDERED** that Plaintiffs' claims under the Due Process Clause of the Fifth Amendment; Due Process Clause of the Fourteenth Amendment; the Equal Protection

Claim of the Fourteenth Amendment for retaliation; and 5 U.S.C. § 2302(b)(8) are **DISMISSED**

against the Board of Supervisors of the University of Louisiana.

New Orleans, Louisiana, this 27th day of May 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**