UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA JONES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2304** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

**ORDER & REASONS**

Before the Court are a **Rule 12 (c) Motion to Dismiss Rasheda Gandolfo's Claims (R. Doc. 39)**, filed by Defendants Michael Prescott, Mike McGill, and Kevin Knudsen, seeking to dismiss Plaintiff Gandolfo's 42 U.S.C. § 1985(3) claim, and a **Motion to Dismiss Pursuant to FRCP Rule 12(c) for Claims Being Time Barred (R. Doc. 42)**, filed by Defendants Kevin Brady and Carmen Bray, also seeking to dismiss the same. Rasheda Gandolfo has not filed an opposition to those motions.

Before the Court also is Defendant Michael Prescott's **Rule 12(c) Motion to Dismiss Angela Jones's Claim (R. Doc. 40)**. Angela Jones opposes the motion. *See* R. Doc. 42. The motions were submitted on October 28, 2015, and decided on the briefs.

**I.  Background**

This is an employment discrimination case filed pursuant to the Due Process Clause of the Fifth Amendment of the U.S. Constitution, the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, Title VII of the Civil Rights Act of 1964, 5 U.S.C. § 2302, and 42 U.S.C. § 1985(3). R. Doc. 1, p. 1. Plaintiffs, Angela Jones and Rasheda Gandolfo, filed this action against their former employer, the Board of Supervisors of the University of Louisiana System ("University"), for wrongful termination, retaliation, and sexual

harassment. Plaintiffs also filed this action against their former supervisors and co-workers, Michael Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray, and Mike McGill, for conspiring to intentionally create a hostile work environment in violation of 42 U.S.C. § 1985(3). *Id.* at 21.

In their complaint, Plaintiffs, two African American women, allege that they were subjected to unfair treatment and harassment based on race and gender. *See* R. Doc. 1, p. 1. Jones alleges that various employees of Southeastern Louisiana University ("SLU") used racial epithets and related terminology to harass her based on her race. *Id.* at 5. She alleges that she was subjected to an unwarranted investigation, repeated suspensions, and was terminated for poor performance but was not given the option to resign as was provided to similarly situated white employees. *Id.* at 6-11.

Gandolfo alleges that she was exposed to sexually inappropriate comments and behavior by her co-worker, Dennis Elzey. *Id.* at 12. Gandolfo alleges that Elzey would make sexual comments about her clothing and once stated that she should pose for Playboy because she has a nice body and figure. *Id.* at 12-13. Gandolfo alleges that she informed the SLU EEOC Compliance Officer, Eugene Prejean, but Elzey was not properly disciplined for his conduct. *Id.* at 14-15. Gandolfo alleges that after she filed her grievance against Elzey, he would continue to follow her even though he was told by his supervisors to not communicate with her. *Id.* at 16. Gandolfo further alleges that her position was reassigned and that she was eventually terminated for low leave balances but similarly situated white employees were not terminated for the same offense. *Id.* at 17-18.

On May 27, 2015, pursuant to Federal Rules of Civil Procedure ("FRCP")12(b)(6), the Court granted, in part, Defendants' Motion to Dismiss (R. Doc. 5) and dismissed Plaintiffs' Due Process Clause of the Fifth Amendment; Due Process Clause of the Fourteenth Amendment; the

Equal Protection Claim of the Fourteenth Amendment for retaliation; and Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) claims against the University. *See* R. Doc. 16, p. 18. Thus, Plaintiffs' viable claims that remain against the University are pursuant to the Equal Protection Claim of the Fourteenth Amendment for race-based wrongful termination and sexual harassment and Title VII for wrongful termination, sexual harassment, and retaliation. *See id.* at 17.

Plaintiff's conspiracy to create a hostile work environment claim pursuant to 42 U.S.C. § 1985 (3) against individual Defendants Prescott, Knuden, Brady, Bay, and McGill also remain after the Court dismissed the above claims against the University. The § 1985 (3) is the only statutory citation in Plaintiffs' complaint against individual defendants and for which individual Defendants seek dismissal.

In their instant motions, Defendants Michael Prescott, Mike McGill, Kevin Knudsen, Kevin Brady and Carmen Bray seek to dismiss Gandolfo's hostile work environment claim pursuant to 42 U.S.C. § 1985 (3). Defendants contend that Gandolfo's § 1985 (3) claim is time barred on the face of the pleadings because her instant action was filed more than a year after the applicable one-year prescriptive period. *See* R. Doc. 39, p. 1. Defendant Michael Prescott also seeks to dismiss Jones's hostile work environment pursuant § 1985 (3) because he also contends that it is time barred. Defendants filed the subject motions pursuant to FRCP 12 (c) for judgment on the pleadings.

## II. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings

3

and any judicially noticed facts." *Bouttee v. ERA Helicopters, LLC,* 244 F.R.D. 360, 364 (W.D.La.2007) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir.1990)) (internal citations omitted).

In determining a motion for judgment on the pleadings, the Court must look only to the pleadings, construing such pleadings liberally and accepting all allegations contained therein as true. *Id.* (citing *Brittan Commc'ns Int'l Corp. v. Southwestern Bell Tel. Co.,* 313 F.3d 899, 904 (5th Cir.2002); *St. Paul Fire & Marine Ins. Co. v. Convalescent Serv., Inc.,* 193 F.3d 340, 342 (5th Cir.1999)). A motion for judgment on the pleadings should only be granted where it appears certain that the party opposing the motion cannot prove any set of facts that would entitle it to relief. *See Id.* at 364–65 (citing *Bennett–Nelson v. Louisiana Bd. of Regents,* 431 F.3d 448, 450 n. 2 (5th Cir.2005)). Judgment on the pleadings is appropriate where material facts are not disputed and the only issues are questions of law. *Id.* at 365 (citing *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887 (5th Cir.1998)). Pursuant to Rule 12(c), "any party" may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." *Id.* (citing Fed.R.Civ.P. 12(c).)

In the Fifth Circuit, the same standard applies for a motion to dismiss under Rule 12(c) as that which applies for a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 n. 8 (5th Cir.2002); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999) (relying upon cases that provide the standard for a Rule 12(b)(6) motion in stating the applicable standard for a Rule 12(c) motion); *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir.1991)). However, "[a] district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting

*Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997)). Like Rule 12(b)(6) motions to dismiss for failure to state a claim, a motion to dismiss under Rule 12(c) is disfavored and rarely granted. *See, e.g., Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

### III. Analysis

#### A. Jones's § 1985 (3) Claim

Prescott individually seeks an Order from the Court to dismiss Jones's 42 U.S.C. § 1985 (3) claims against him because, he argues, that her claim is time barred. R. Doc. 40, p. 1. Similar to his previous argument related to Gandolfo's claim, Prescott argues that the last date that Jones alleged he committed an action against her was on May 8, 2013. *Id.* Prescott further argues that the applicable prescriptive period when addressing an § 1985 (3) is the law of the forum state, and the applicable Louisiana prescriptive period that applies is one year. *Id.* at 2. Prescott argues that Plaintiff's § 1985 (3) is now time barred because the action was filed more than one year after the last date of any alleged incident. *Id.* at 3.

In opposition, Jones argues that a four-year prescriptive period applies because she provided sufficiently detailed factual allegations to support an invocation of a 42 U.S.C. § 1981 private actor's racial discrimination claim asserted against a state actor, under 42 U.S.C. § 1983. R. Doc. 46, at 2. Although not expressly cited in her complaint, Jones argues that FRCP 8(e) requires that the Court construe her pleading in the interest of justice to include her §§ 1981 and 1983 claims against individual Defendants, including Prescott. *Id.* Jones also argues that the filing of her EEOC complaint relating to her Title VII claim against the University caused interruption of the prescription period for her § 1985(3) claim against Prescott. Jones contends that under Louisiana Civil Code Article 1799, Defendant Prescott and University were solidary obligors; thus an interruption of the perspective period for her Title VII claims against the University to exhaust

administrative proceedings also interrupted the prescriptive period for her 1985(3) claim against Prescott.

The parties' contentions revolve around three issues for this Court to determine. First, whether Plaintiff has plead sufficient facts in her complaint to invoke §§1981 and 1983 as causes of action, even though Plaintiff did not expressly reference the statutory citation to §§ 1981 nor 1983 as causes of action in her complaint. Second, if §1981 is a viable claim, whether a 4-year statute of limitation applies to that claim. Third, whether a 4-year prescriptive period that applies to §1981 also extends to Jones's § 1985(3) claim and her §1983 claim, which she argues is sufficiently plead although not cited in her complaint.

### 1. Whether Jones alleged sufficient facts to invoke claims under 42 U.S.C. §§ 1981 and 1983

To satisfy the pleading requirements for a discrimination claim brought under § 1981, a plaintiff's complaint must conform to the pleading standard set out in FRCP 8.[1] FRCP 8(a)(2) requires only that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*; *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002). This minimal requirement is designed to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Courts have held that § 1981 does not require a heightened pleading standard than that required by FRCP 8. *See e.g., Gray v. Universal Serv. Admin. Co.,* 581 F. Supp. 2d 47, 55 (D.D.C. 2008). Considering the minimal pleading standard applicable to § 1981 claims, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

---

[1] FRCP 8 (a) governs the contents of pleading that are necessary to state a claim for relief, and requires: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Pleading must also be constructed as to do justice. FED.R.CIV.P. 8(a).

6

could be proved consistent with the allegations." *Swierkiewicz,* 534 U.S. at 507. "Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process and, as appropriate, through the crucible of trial." *Id.* at 514; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Moreover, the United States Supreme Court has held that when a plaintiff alleges a violation of his federal civil rights, the factual allegation sufficient to support a claim trumps the need to cite the specific statute supporting the plaintiff's legal theory. *Johnson v. City of Shelby, Miss.,* 135 S.Ct. 346 (2014). To state another way, there is no pleading requirement that a plaintiff must expressly invoke a statutory citation in order to state a claim and a complaint should not be dismissed solely because of an "imperfect statement of the legal theory supporting the claim." *Id. at* 346 (holding that there is no heightened pleading rule that requires plaintiffs seeking damages for violations of constitutional rights to invoke a statute expressly in order to state a claim); *see* 5 Wright & A. Miller, § 1219, p. 277–78 (3d ed. 2002) ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief."); *see also Perkins v. Iberville Parish Sch. Bd.,* 2013 WL 1856519, at *3 – 4 (M.D.La. May 2, 2013) (citing *Doss v. South Central Bell Telephone Co, 834 F.2d 421* (5th Cir. 1987) (holding that failure to cite the correct statute or legal theory will not preclude a plaintiff from later asserting recovery under that statute as long as the initial complaint gave the defendant fair notice of the nature of the claims).

However, a plaintiff may not make a broad allegation of a violation of federal civil rights without sufficient facts and then later attempt to invoke a statutory citation. For example, in *Delouise v. Iberbille Parish School Board*, the United States District Court for the Middle District of Louisiana held that a plaintiff did not assert sufficient facts to later invoke § 1981. *Delouise,* 2014 WL 1248156, at *12. There, a white female alleged that Defendants, a public school board, and its employees demoted her because of her race. *Id.* at *1. In her complaint, the Plaintiff stated that "Defendants conspired [in violation of § 1985] to deprive [her] of equal protection under the law," and, throughout her complaint, federally-protected rights to equal protection outside of § 1981 are referenced. *Id.* at *12. Plaintiff labeled her cause of action as a § 1981 claim for the first time when she filed her opposition to Defendants' motion to dismiss. *Id.* at n. 14. While acknowledging the similarities between the statutes, the Court held that the Plaintiff's alleged violation of "federally-protected rights to equal protection" was not a "specific pleadings" to make clear that her § 1985 claim was premised on a § 1981 violation. *Id.*

Having outlined Jones's pleading requirement, the Court will now evaluate whether Jones has asserted sufficient factual allegations to now cite §§ 1981 and 1983 as additional causes of action. Jones's complaint alleges that Prescott is liable for actions of racial harassment aimed at creating a hostile work environment.[2] Under § 1981, a prima facie case of racial harassment alleging hostile work environment consists of five elements: "(1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term[,] condition or

---

[2] Jones's complaint states the following: Michael Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray and Mike McGill are liable to Plaintiffs for their above referenced retaliatory acts aimed at creating and/or fostering a intolerably hostile work environment. The aforementioned individuals conspired, through tacit and/or express agreement, to continually confront Plaintiffs with degrading and dehumanizing workplace conditions, as a pretext, intended to portray Plaintiffs as incompetent employees, and, ultimately, intended to justify their (Plaintiffs') wrongful retaliatory and race-based termination from SLU. R. Doc. 1, p. 21.

8

privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Celestine v. Petroleos de Venezuella SA,* 266 F.3d 343, 353 (5th Cir. 2001) (citations omitted). Moreover, under Fifth Circuit precedent, § 1981 creates an independent cause of action against private actors, but for suits such as this one against state actors, "plaintiffs *must* assert a cause of action . . . under § 1983 to remedy violations of civil rights under § 1981." *See Jett v. Dallas Independent School District,* 491 U.S. 701, 735 (1989); *Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir.2001) (emphasis added).

    Jones cites paragraphs 1 through 64 of her Complaint as the factual background to support her allegation that individual Defendants, including Prescott, are liable for their racially motivated conduct aimed at creating a hostile work environment in violation of §§ 1981 and 1983. *See* R. Doc. 1, p. 21. First, Jones alleges that as an African-American female, she is a member of a protected class. R. Doc. 1, p. 2. Second, Jones alleges that Prescott scolded her about filing an EEOC complaint, blocked her from a promotion because of her race, and subjected her to harassment after she was given the promotion. R. Doc. 1, p. 15. Third, Jones allege that Bray and McGill maintained an atmosphere of racism by using the acronym of "N.B.N" to mean "Niggers being Niggers" and using the term "Democrats" to refer to African Americans. *Id.* at 11. Jones also alleges that Defendants further maintained an atmosphere of racism by rubbing their faces to signal that the individual to whom they were referring was white. *Id.* However, if the individual was African American, they would rub the top of their wrist. *Id.* Jones also alleges that Knudsen harassed her based on race by wearing a t-shirt that portrayed the letters "K.K.K." *Id.* Fourth, Jones alleges that she was ultimately terminated after she made her complaints of discrimination and harassment. *Id.* at 13. Fifth, Jones alleges that Brady, the Human Resources Director, knew about their complaints against the other Defendants. *Id.* Jones alleges that after she complained to Brady about Knudsen wearing a shirt that said K.K.K., Brady responded "that's just his initials." *Id.* at 11. Jones alleges

that she was subsequently given low performances reviews, suspended without pay, and ultimately terminated. *Id.* at 5, 8-11.

Based on the above factual allegations, the Court finds that Jones made a cognizable claim for racial harassment alleging a hostile work environment in violation of § 1981 and § 1983 because Defendants are state actors. As held in *Johnson*, Jones's factual allegations to support her claims trump the need to cite a specific statute supporting her legal theory. Jones was not required to expressly invoke a statutory citation in order to state a claim, and this Court may not dismissed her claim because of her imperfect statement of legal theory to support her factual allegations. Jones's pleading is also distinctly different than the allegations asserted in *Delouise,* where the Plaintiff made a broad allegation of a deprivation of her federally protected right to equal protection under law as her cause of action. Here, Jones makes specific references to race-based harassment and hostile work environment as claims against individual Defendants in her complaint. *See* R. Doc. 1, p. 21.

### 2. Four-Year Prescriptive Period Applies to Claims Under 42 U.S.C §1981

Defendant contends that even if the Court allows Jones to invoke a claim under §1981 that claim would also be timed barred because §1981 has a one-year statute of limitation. R. Doc. 48-2, p. 2. In opposition, Jones argues that §1981 has a four-year statute of limitation. R. Doc. 46, p. 1.

It is well settled that §§ 1981, 1983, and 1985 (3) do not include statute of limitations. For these claims, a federal court generally must apply the state law statute of limitations that would govern an analogous state law cause of action. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) ("Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law."). Under this rule, the Court

here would apply Louisiana's one-year prescriptive period for torts. *See* LA. CIV. CODE. art. 3492; *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005) (noting that courts traditionally apply a state's personal injury limitations period in a § 1981 claim); *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir.2002) (applying Louisiana's one-year statute of limitations for personal injury actions to a § 1983 claim); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) (noting that a state law limitations period applies to a § 1985 claim).

However, in 1990 Congress passed a "catchall" four-year statute of limitations, codified in 28 U.S.C. § 1658(a), for actions arising under statutes enacted after December 1, 1990, the date of the enactment of that law. *See* 28 U.S.C. § 1658(a). Therefore, if Jones's causes of action arise under a federal statute enacted after December 1, 1990, this Court must apply a four-year statute of limitations.

In *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369 (2004), the United States Supreme Court noted that as originally enacted in 1866, § 1981 granted all U.S. citizens "the same right in every State and Territory to make and enforce contract . . . as is enjoyed by white citizens." Based on the provision, in *Patterson v. McLean Credit Union*, the Court held that the statutory right "to make and enforce contracts" did not protect against racially-motivated harassing conduct that occurred after the formation of the contract. *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). However, Congress directly responded and essentially overturned *Patterson* by amending § 1981 in the Civil Rights Act of 1991, to expressly allow plaintiffs to pursue claims for racially hostile work environment. *See Jones*, 541 U.S. at 383. Thus, in *Jones* the Court held that the "catch-all" four-year statute of limitations applied because the post-1990 amendment to the Civil Rights Act of 1991 allowed plaintiffs' specific cause of action, which were *post-hire* racial harassment and hostile work environment, among others. *Id.* at 384.

Conversely, *Mitchell v. Crescent River Port Pilots Assoc*, the Fifth Circuit addressed the proper statute of limitations to be applied in a § 1983 action asserting § 1981 pre-employment rights. *Mitchell v. Crescent River Port Pilots Assoc.*, 2008 WL 410414 (5th Cir. Feb. 14, 2008). Plaintiff alleged that he was denied participation in an apprenticeship program to become a river port pilot due to his race. *Id.* at *1. The district court dismissed a number of his claims as untimely because they were not filed within one year. *Id* at *3. On appeal, the defendants argued that the district court correctly applied Louisiana's one-year statute of limitations, while Plaintiff maintained that the federal "catchall" four-year statute of limitations set forth in 28 U.S.C. § 1658 applied. *Id.* The Fifth Circuit reasoned that, in 1990, Congress passed this catchall four-year statute of limitations applicable to actions arising under federal statutes enacted after December 1, 1990, and Plaintiff's *pre-employment* claims, which were actionable under § 1981 prior to the 1991 amendments. *Id.* at 5; *see also Knox v. Monroe,* 551 F.Supp.2d 504, 510-12 (W.D.La. 2008)(holding that a four-year prescriptive period applied to § 1983 claims premised on post-employment rights protected by § 1981).

Here, unlike in *Mitchell*, where the Court held that Plaintiff's *pre-employment* claim was actionable under § 1981 prior to the 1991 amendments, Jones is asserting a *post-hire* claim, like in *Jones*. Therefore, a four-year statute of limitation applies to Jones's post-hire racially hostile work environment claim under § 1981.

### 3. Whether the 4-year prescriptive period that applies to §1981 also extends to Jones's §§ 1983 and 1985(3) claims.

Prescott argues that Jones's § 1985 claim has prescribed because that claim is subject to a one-year tort action statute governed by Louisiana law. R. Doc. 48-2, p. 2. Prescott further argues that even if the Court allows Jones's §§1983 and 1981 claims, those claims are also subject to a

12

one-year statute of limitations. *Id.* In opposition, Jones asserts that her §§ 1983 and 1985 claims are timely because her underlying §1981 claim has a four-year prescriptive period.

The text of §§ 1985 nor 1983 include a codified statute of limitations. *See* 42 U.S.C. §§ 1983, 1985. In adjudicating §§ 1985 and 1983 claims, federal courts have traditionally applied the state law prescriptive period that would govern an analogous tort law cause of action. *See Mitchell,* 265 Fed.Appx. at 367; *Lagarde v. City of New Orleans*, 2012 WL 4482981, *3 (E.D.La. Sept. 28, 2012)(providing that Louisiana's one-year prescriptive period for delictual actions applies to §§ 1983 and 1985 claims).

Courts have recognized that §1985 does not independently create substantive rights; it only provides a civil cause of action when "some otherwise defined federal right-to equal protection" is breached by a conspiracy. *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979). Similarly, § 1983 protects against the deprivation of a right "secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983. However, § 1983 alone is not a source of substantive rights but provides a method for defending federal rights elsewhere conferred. *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003).

Courts also have held that determining the prescriptive period requires §§ 1983 and 1985 claims to adopt the prescriptive period of the underlying right upon which the claim is premised. *See Delouise,* 2014 WL 1248156 at *12; *see also Knox*, 551 F.Supp.2d at 510–12 (holding that a four-year prescriptive period applied to § 1983 claims premised on post-employment rights protected by § 1981); *Charles v. Galliano*, 2010 WL 3430519, *4 (E.D.La. Aug. 26, 2010); *Thomas v. City of Shreveport,* 2008 WL 4291211, *4–5 (W.D.La. Sept. 15, 2008); *Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1338 (11th Cir. 2008). In other words, if Jones's

§§ 1983 and 1985 claim is premised on a claim that would provide a four-year prescriptive period, those claims will also be subject to a four-year prescriptive period.

Stepping back to consider the basis for applying the one-year Louisiana limitation period to most § 1983 claims. In civil rights cases, courts are first to look to federal law "so far as such laws are suitable to carry the same into effect," and only fill gaps with state law if no suitable federal rule exists and doing so would not be "inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, (1985); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462, (1975) (listing cases where "no specifically stated or otherwise relevant federal statute of limitations" existed and thus the controlling limitations period was the most appropriate one provided by state law).

Here, Jones's §§ 1983 and 1985 claims are premised on her §1981 claim. As mentioned previously, for claims against state actors, Jones is required to assert a cause of action under § 1983 to remedy violations of civil rights under § 1981. Jones also asserts that Defendants acted in collusion and in concert with each other to intentionally create an insufferably hostile work environment. Thus, Jones's § 1985 claim that Defendants conspired to deprive her of her civil rights, is also premised on her § 1981 claims that Defendants harassed her because of her race and created a hostile work environment.

There is also no absence of a federal rule in this case for the Court to apply a state prescriptive period. If the Court applied a one-year limitation period to Jones's §§ 1983 and 1985 claims, the result would be one statute of limitation being applied to her suit against Defendants as state actors and co-conspirators and a different one being applied to her assertion of the same rights against Defendants as private individuals under § 1981. The default nature of the rule that seeks recourse in state statutes of limitations only when no federal limitations period applies

14

further supports application of Jones's four-year statute of limitations for her § 1981 claim to her §§ 1983 and 1985 claims. Accordingly, the Court finds that Jones's §§ 1983 and 1985 claims are premised on violation of her § 1981 claim, and, therefore the four-year prescriptive period applicable to her § 1981 claim also applies to her §§ 1983 and 1985 claims.

Finally, the Court is required to determine the act that triggered the commencement of Jones's four-year prescriptive period. Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action. *Helton*, 832 F.2d at 33-35. Specifically, the prescriptive period begins to run as soon as "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.*

Here, Jones's earliest alleged event against any Defendant occurred on February 22, 2012, when Jones alleges that a white male student referred to her as a "colored girl." R. Doc. 1, p. 4. When Jones's complained about the racial tone of the student's statement, Jones alleges that Prescott stated, "Well what do y'all want to be called? Black? Negros? Colored? African Americans? Niggers." *Id.* The instant suit was filed October 7, 2014. Even considering the earliest alleged event, Jones's allegations all occurred less than four years before the instant suit was filed. Accordingly, the Court finds that Jones's §1981, 1983, and 1985 claims are all timely against the individual Defendants.[3]

---

[3] Jones also argues that under Louisiana Civil Code Article 1799, Defendant Prescott and University were solidary obligors, thus an interruption of the prescriptive period because of her EEOC filing against the University also caused interruption of the prescriptive period for her § 1985(3) claim against Prescott. Having determined that Jones's claims were timely filed, the Court need not address that argument.

**B. <u>Gandolfo's § 1985 (3) Claim</u>**

Defendants Prescott, McGill, Knudsen, Brady, and Bray argue that Plaintiff Gandolfo's § 1985 (3) claims have prescribed. *See* R. Docs. 39, 42.[4] Defendants argue that when a plaintiff asserts a claim under 42 U.S.C. § 1985 (3), the federal district court applies the prescriptive period for personal injury in the forum state. R. Doc. 39-1, at 2. Defendants further argue that the prescriptive period for personal injury claims in Louisiana, the forum state for the instant action, is one year. *Id.* Defendants contend that although Gandolfo later filed an EEOC complaint on January 11, 2012, the filing of her EEOC claim does not interrupt prescription. *Id.* at 3. Defendants argue that the last alleged action date occurred on November 6, 2012, when Gandolfo was terminated, and the instant suit was filed more than a year later on October 7, 2014. R. Doc. 39, p. 1.

Gandolfo did not file an opposition to Defendants Prescott, McGill, Knuden, Brady, and Bray's Motions to Dismiss (R. Docs. 39, 42). Thus, the Court considers Defendants' motions as unopposed. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350 (5th Cir.1993). Rather, considering the pleading before it, the Court may grant only those unopposed dispositive motions that have merit. *See e.g, Webb v. Morella,* 457 F. App'x 448, 452 (5th Cir. 2012) (reversing district court's granting of 12(b)(6) motion as unopposed due to failure to file opposition pursuant to District's local rule). For the purpose of thoroughness on dispositive motions, the Court will examine the substance of Defendants' motions to dismiss based on the pleading.

The same analysis that the Court applied to Jones's pleading requirement under FRCP 8(a), her invocation of §§1981 and 1983 claims, and the extension of §1985's 4-year prescriptive period to her §§1981 and 1983 claims also applies to Gandolfo. Gandolfo also cites paragraphs 1 through 64

---

[4] Defendants Brady and Bray separately filed their Motion to Dismiss (R. Doc. 42), but asked that the Court apply the same arguments to their motion as made in Defendants Prescott, McGill, and Knuden's Motion to Dismiss (R. Doc. 39).

of her Complaint as the factual background to support that individual Defendants Prescott, McGill, Knuden, Brady, and Bray are liable for their racially motivated conduct aimed at creating a hostile work environment in violation of §§1981 and 1983. Those paragraphs include the same factual allegations that Jones makes. *See* R. Doc. 1, p. 21.

First, Gandolfo alleges that as an African-American female, she is a member of a protected class. R. Doc. 1, p. 2. Second, Gandolfo alleges that she was exposed to sexually inappropriate comments and behavior by her co-workers and they subjected her to harassment after she filed her EEOC complaint. *Id.* at 14. Third, like Jones, Gandolfo alleges that Bray and McGill maintained an atmosphere of racism by using the acronym of "N.B.N" to mean "Niggers being Niggers" and using the term "Democrats" to refer to African Americans. *Id.* at 11. Gandolfo too alleges that Defendants further maintained an atmosphere of racism by rubbing their faces to signal that the individual to whom they were referring was white. *Id.* at 11. Fourth, Gandolfo further alleges that her position was reassigned and that she was eventually terminated for low leave balances but similarly situated white employees were not terminated for the same offense. *Id.* Fifth, Gandolfo alleges that she made grievances to Defendants and filed EEOC complaints, but was subsequently given low performances reviews, suspended without pay, and ultimately terminated. *Id.* at 18.

Based on the above factual allegations, the Court finds that Gandolfo made out a cognizable claim for racial harassment alleging a hostile work environment in violation of § 1981 and § 1983 because Defendants are state actors. Gandolfo was not required to cite a specific statute supporting her legal theory for the same reasons as stated in the section of this Order that applies to Jones. Here, like Jones, Gandolfo makes specific reference to race-based harassment and hostile work environment as claims against individual Defendants. Thus, the same 4-year prescriptive period

that applied to Jones's § 1981 claim and by extension to her §§ 1983 and 1985 claims also applies to Gandolfo's claims for the same reason.

The Court is also required to determine the act that triggered the commencement of Gandolfo's four-year prescriptive period. As previously mentioned, the prescriptive period begins to run as soon as the plaintiff becomes aware that he or she has suffered an injury or has sufficient information to know that he or she has been injured.

The Court finds that the knowledge requirement was satisfied upon her termination on November 6, 2012. R. Doc. 1, p. 18; *see Delouise,* 2014 WL 1248156, at *9 (holding that Plaintiff's 42 U.S.C. § 1985 (3) claim began to accrue when she was demoted and transferred). Thus, on the face of Gandolfo's pleading, her termination, triggered her awareness of and duty to assert her rights. The instant suit was filed on October 7, 2014; thus, Gandolfo filed suit less than 4 years after the commencement of her action. Accordingly, based on the above analysis and the analysis applied to Jones's claims, the Court find that Gandolfo's §1981, 1983, and 1985 (3) claims are all timely against Defendants Prescott, McGill, Knudsen, Brady, and Bray.[5]

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants Michael Prescott, Mike McGill, and Kevin Knudsen's **Rule 12 (c) Motion to Dismiss Rasheda Gandolfo's Claims (R. Doc. 39)** is **DENIED**.

**IT IS FURTHER ORDERED** Defendants Kevin Brady and Carmen Bray **Motion to Dismiss Pursuant to FRCP Rule 12(c) for Claims Being Time Barred (R. Doc. 42)** is **DENIED**.

---

[5] Having determined that Gandolfo's claims were timely filed, the Court need not address Defendants contention that her EEOC complaint, filed on January 11, 2013, does not interrupt the prescriptive period.

**IT IS FURTHER ORDERED** that Defendant Micahel Prescott's **Rule 12(c) Motion to Dismiss Angela Jones's Claim Against Michael Prescott (R. Doc. 40)** is **DENIED**.

New Orleans, Louisiana, this 14th day of November 2015.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**