UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA JONES and RASHEDA GANDOLFO** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-2304** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, MICHAEL PRESCOTT, KEVIN KNUDSEN, KEVIN BRADY, CARMEN BRAY and MIKE MCGILL (In their Individual and Official Capacities)** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER & REASONS

Before the Court is a **Motion for Summary Judgment (R. Doc. 56)** filed by Defendants Board of Supervisors of the University of Louisiana System and Kevin Brady, seeking an Order from the Court granting summary judgment against Plaintiffs and dismissing Plaintiffs' claims against them with prejudice.  The motion is opposed. R. Doc. 67.

### I.    Factual Summary

Plaintiffs, Angela Jones ("Jones") and Rasheda Gandolfo ("Gandolfo"), filed this action against their former employer, the Board of Supervisors of the University of Louisiana System ("University"), for wrongful termination, retaliation, and sexual harassment. Plaintiffs also filed this action against their former supervisors and co-workers, Michael Prescott (Former Chief of SLU Police Department), Kevin Knudsen (Sergeant of SLU Police Department), Kevin Brady (Human Resources Director), Carmen Bray (Interim SLU Police Department), and Mike McGill (Captain of the SLU Police Department), for conspiring to intentionally create a hostile work environment in violation of 42 U.S.C. § 1985(3). (Id. at 21)

Plaintiff, Angela Jones, a former Parking Enforcement Officer of the SLU Police Department, alleges that the Board of Supervisors of the University of Louisiana System and Kevin

Brady, the University's Human Resources Director, are liable to her for damages because of the racially discriminatory acts of the members of its Police Department's Parking Division. Jones alleges that the Board treated similarly situated white employees substantially different than the manner in which she was treated. Jones also alleges that she was subjected to a hostile work environment that the University's high-ranking personnel of the SLU Police Department's Division subjected her to. Jones alleges that the hostile work environment was created for the express purpose of retaliating against her for asserting her rights and bringing her claim of retaliation, discrimination, and harassment. (Rec. Doc. 1)

Rasheda Gandolfo, a former student worker in the Parking Division, sets forth the same allegations against the Board arising out of the alleged sexual harassment she suffered at the hands of Dennis Elzey ("Elzey"), a former employee of the SLU Police Department. Gandolfo alleges that the Board is liable to her for the severe injury that Elzey, a co-worker, caused through his repeated and unmitigated sexual attacks which include inappropriate comments. (Id. at 12)[1]

The Board filed the subject motion seeking dismissal of the claims asserted by both Jones and Gandolfo on several grounds: (1) the Title 42 U.S.C. § 1983 claim should be dismissed because as a governmental entity, it cannot be held vicariously liable unless a policy or practice caused their employees to violate a person's constitutional rights; (2) that the Board cannot be held liable for punitive damages under Section 1983 or Title VII; (3) that dissatisfaction with Jones's job performance is not proof that Brady acted in concert with the other defendants and (4) Jones and

---

[1] Gandolfo alleges that Elzey would make sexual comments about her clothing and once stated that she should pose for Playboy because she has a nice body and figure. *Id.* at 12-13. Gandolfo alleges that she informed the SLU EEOC Compliance Officer, Eugene Prejean, but Elzey was not properly disciplined for his conduct. *Id.* at 14-15. Gandolfo alleges that after she filed her grievance against Elzey, he would continue to follow her even though he was told by his supervisors to not communicate with her. *Id.* at 16. Gandolfo further alleges that her position was reassigned and that she was eventually terminated for low leave balances but similarly situated white employees were not terminated for the same offense. *Id.* at 17-18.

Gandolfo's unlawful retaliation claims should be dismissed because their termination was the result of a legitimate business decision which was detailed in their termination letters.

Jones and Gandolfo oppose the subject motion. They contend: (1) that they have not asserted a claim under 42 U.S.C. § 1983 seeking to hold the Board liable pursuant to the doctrine of *respondeat superior*; (2) Brady's reflexive ratification of the treatment she received from the white males in SLU's Police Department is suggestive of his involvement in a conspiracy; and (3) that the temporal relationship between her negative performance evaluation and her complaint of discrimination is sufficient evidence of retaliation. Jones and Gandolfo failed to respond to the Board's contention that it cannot be held liable for punitive damages pursuant to Supreme Court law.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure ("Rule") 56(a) provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548 (1986). In such a case the moving party must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also*

*Access Mediquip L.L.C. v. United Healthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322–24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for Summary Judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Though the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 254.

Moreover, the summary judgment standard in an employment discrimination matter is premised upon a burden-shifting analysis from *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. Thereunder, the Court must first determine if the plaintiff has established a prima facie case of discrimination, sufficient to raise an inference of discrimination. *McDonnell-*

*Douglas*, 411 U.S. at 802; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (finding that in Title VII actions, a prima facie standard is used for evidentiary purposes on summary judgment); *Powell v. Rockwell Int'l Corp.*, 788 F.2d 279, 285 (5th Cir. 1986) ("The McDonnell-Douglas formula . . . is applicable . . . in a . . . summary judgment situation.").

"Establishment of a prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *see Turner v. Kansas City Southern Railway Co.*, 675 F.3d 887, 893 (5th Cir. 2012) (citing *Burdine*, 450 U.S. 248). "The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to different factual situations." *McDonnell*, 411 U.S. at 802 n.13. "There is no doubt that vague or conclusory allegations of discrimination or harassment are not enough to survive summary judgment." *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998).

## III.   Analysis

### A.   Vicarious Liability Under § 1983

The Board contends that Jones and Gandolfo allege that it should be held liable for the conduct of the individual defendants Prescott, Knudsen, Brady, Bray, and McGill.  However, the doctrine of vicarious liability does not apply to a claim against it and that according to *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), it can only be held liable if as a governmental entity has a policy or that practice caused its employees to violate the plaintiffs constitutional rights.

Plaintiffs, Jones and Gandolfo, contend that they have not asserted a claim seeking to hold the Board liable pursuant to *respondeat superior* under Section 1983.  They contend that the only claim sought for Gandolfo's sexual harassment is based upon a violation under Title VII.

Jones alleges in the complaint that it incorporated all of the alleged discriminatory conduct of the individual defendants and that as a result of their discriminatory acts she was treated differently than white employees.  (Complaint, Rec. Doc. 1, p. 15) She further alleges that she was subjected to a hostile work environment created by high-ranking personnel which was created for the express purpose of retaliating against her. (Id.)

Gandolfo alleges in the complaint that the individual defendants discriminated against her which results in the Board's liability for her termination. (Complaint, Rec. Doc. 1, p. 21) Gandolfo alleges that she too was subjected to a hostile work environment which was created for the express purpose of retaliating against her for bringing claims of discrimination, retaliation, and harassment. (Id.) Gandolfo also alleges that the Board is liable as a direct result of its willful disregard of the repeated and relentless acts of sexual harassment committed by Elzey against her.

Although neither Jones nor Gandolfo specifically allege that its seeks to hold the University liable pursuant to Section 1983, the facts as alleged in the complaint do suggest that they seek to hold the University liable for the actions of others, or *respondeat superior*.  It is settled that a public university may be liable under § 1983 only if its actions that were in the execution of an unconstitutional policy or custom which inflicted injury or damage upon the Plaintiff. *Monell,* 436 U.S. at 694 (1978).

Official policy is ordinarily contained in duly promulgated policy statements, ordinances, or regulations. A policy may also be evidenced by custom that is a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and

promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy. (Id.) Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined. *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1995), on reh'g, 739 F.2d 993 (5th Cir. 1984); *see also Bd. of County Com'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 403 (1997).

While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the "known or obvious consequences" that constitutional violations would result. *Bryan County,* 520 U.S. at 407. The plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights,* 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds; Int'l Woodworkers of Am. v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir. 1986).

In the instant matter, while the plaintiffs contend that they have not asserted a Section 1983 claim seeking to hold the Board liable, the Court notes that the factual allegations do seem to seek to hold the Board liable for the actions of others. However, neither Jones nor Gandolfo allege that the University had an unconstitutional policy or custom.  Nor is there any allegation that an unconstitutional policy or custom caused their injury or damage. Based upon the allegations set forth, the Court finds that a claim for *respondeat superior* liability is asserted but that there is no claim alleging the violation of a policy or custom by the Board that resulted in the violation of the Jones and Gandolfo's constitutional rights. Jones and Gandolfo do contend that they never intended to assert such a claim, however, pursuant to FRCP Rule 8(a)(2), the facts as allege could be suggestive of a *Monell* claim pursuant to Section 1983  warranting dismissal as a matter of law.

B.      **Conspiracy Allegation Against Brady**

The Board contends that the Section 1983 claims against Brady, the Human Resources Director, should be dismissed because there is no evidence of the existence of an agreement with the individual defendants or state actors to violate Jones or Gandolfo's constitutional rights.   The Board further contends that there is no evidence that Brady engaged in a concerted action intended to accomplish an unlawful objective for the purpose of harming them. (Rec. Doc. 56-2, p. 6)

Jones and Gandolfo in contrast allege that the reflexive ratification of the discriminatory treatment they received at the hands of their white male co-workers in the SLU Police Department, is evidence of his participation in the conspiracy to wrongfully terminate them.   By way of example, Jones complains that Brady's failure to address her complaint regarding the display of the letters K.K.K on Kevin Knudsen's t-shirt is evidence that Brady participated in a discriminatory conspiracy.   According to the plaintiffs, Brady responded that K.K.K. were the initials of Kevin Knudsen.

 "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). To prevail on a conspiracy claim under § 1983, the plaintiffs must show (1) the existence of a conspiracy involving state action, and (2) a deprivation of their civil rights in furtherance of the conspiracy. *Id.*

In *Hilliard v. Ferguson,* 30 F.3d 649 (5th Cir. 1994), the Fifth Circuit extended the  long-standing rule to a public entity that a "corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."  In *Hillard*, the plaintiff alleged that the superintendent of the Orleans Parish School Board conspired with the Board to deny him employment based upon his status as a convicted

felon.  The Court held that the superintendent was an agent of the Board and therefore could not conspire with itself.

In this case, Brady was the Human Resources Director for the University which is managed and controlled by the Board. Therefore, to the extent that Brady is alleged to have conspired with the Board, as in *Hillard*, because he is the Board's agent, it could not have conspired with itself.

Additionally, to the extent that Jones and Gandolfo allege that the conspiracy was with Prescott, Knudsen, McGill, or Bray and allege that because Brady did not react to the letters "KKK" when Kevin Kndusen wore the t-shirt, this claim fails.  Having a different perspective about something does not constitute an agreement with the individual who in this case wore a t-shirt which could have reflected a racist perspective or could have actually been a display of his initials as perceived by Brady does not in itself constitute evidence of a conspiracy. The Court further notes that Brady by affidavit expressly denied having engaged in a conspiracy with the other individual defendants and this statement is un-contradicted.  As a result, the Court finds that Brady is entitled to summary judgment as a matter of law for the Section 1983 conspiracy claim asserted by Jones and Gandolfo against him.

### C.   Retaliation Claim

The Board claims that Jones and Gandolfo's retaliation claims are subject to dismissal because the evidence of record shows that both plaintiffs were terminated for non-discriminatory or non-retaliatory reasons. The Board contends that Jones and Gandoflo's retaliation claims fail because they have not produced evidence establishing the existence of a causal connection between their protected activity and the adverse employment action.  The Board further contends that the plaintiffs have no direct evidence refuting the non-discriminatory reasons it has presented as proof

that their decision to terminate them were legitimate and that the reasons for their discharge were stated in the termination letter of Brady.

Jones contends that she has circumstantial evidence that the reasons for her termination were pre-textual.  As proof, she contends that before she filed her EEOC grievance, she received glowing evaluations.  It was only after she complained of being discriminated against that her evaluations took a turn for the worse.  Gandolfo does not separately respond to this contention.

In order for a plaintiff to prevail on a retaliation claim they must prove: (1) that they participated in an activity protected by the Title VII; (2) that their employer took an adverse employment action against them; and (3) that their participation in the protected activity caused the adverse employment action.  *Hernandez v. Yellow Transp.*, Inc., 670 F.3d 644, 651-652 (5th Cir. 2012) (citing *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008)). If the plaintiff establishes all three elements, then the burden shifts to the employer to show a legitimate and non-retaliatory reason for its adverse employment action. If the employer can show a legitimate and non-retaliatory reason, then the burden shifts back to the plaintiff to demonstrate that the employer's reasoning for the adverse employment action is pretext for retaliation against the plaintiff.  *Pineda v. United Parcel Ser., Inc.*, 360 F.3d 483, 486–87 (5th Cir. 2004).

The Board does not dispute that Jones has stated a prima facie case.  It does however contend that the burden shifted back to her because it has presented evidence of the multiple reasons for her termination which are delineated in the termination letter that Brady addressed to her.  The Court notes that Jones's only response is that she previously received excellent evaluations until she began to complain about the discriminatory actions of her supervisors in the police department.  She does not however provide summary judgment type evidence of these evaluations for the court to review.  The failure to present evidence that supports her argument is

fatal to her retaliation claim against the Board such that the claim is subject to dismissal as a matter of law.

Regarding Gandolfo's claim for retaliation against the Board, the Court finds that while Brady states that the reason given by him in the termination letter to Gandolfo is the sole reason for her termination, a review of the letter indicates that no reason was given. For example, the letter to Gandolfo states only that her probationary appointment as Administrative Assistant 1 in the University Police Department was being terminated and gave no reason for doing so.

Whereas in the complaint, Gandolfo alleges that she was terminated because she continued to complain about the sexual harassment she experienced at the hands of her coworker Elzey and that her persistence resulted in her termination. Gandolfo further allege that the reason she was told she was terminated was because of a low leave balance but she notes that she was not out of leave time. (Complaint, Rec. Doc. 1, ¶ 18). Whether Gandolfo's termination was for a legitimate business reason therefore remains in dispute. The Board's motion for summary judgment seeking to dismiss Gandolfo's retaliation claim is denied as there are genuine issues of material fact.

D.   **Punitive Damages Against the Board**

The Board finally contends that Jones and Gandolfo's claim for punitive damages fail because it is a public entity not subject to punitive damages. In support of its position, the Board relies upon *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) which prohibits the award of punitive damages against government agencies such as SLU, a public university. Jones and Gandolfo do not respond to this contention.

The record shows that Jones and Gandolfo seek punitive damages against each of the individual defendants. R. Doc. 1, p. 21. Defendants sued in their individual capacity are Prescott, Knudsen, Brady, Bray, and McGill. *See id*. at 21. There is no individual capacity claim against the

11

Board. Accordingly, there is no genuine issue regarding punitive damages being sought against the Board and this claim is denied.

## IV.    Conclusion

IT IS ORDERED that Defendant' **Motion for Summary Judgment (R. Doc. 56)** is **GRANTED in part and DENIED in part**.

IT IS GRANTED as to Plaintiffs' *respondeat superior* claim against the Board of Supervisors of the University of Louisiana System pursuant to 42 U.S.C. § 1983 and that claim is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER GRANTED as to Plaintiffs' 42 U.S.C. § 1983 conspiracy claim against Kevin Brady and that claim is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER GRANTED as to Angela Jones's retaliation claim under Title VII against the Board of Supervisors of the University of Louisiana System and that claim is **DISMISSED WITH PREJUDICE**.

IT IS DENIED as to Rasheda Gandolfo's retaliation claim under Title VII against the Board of Supervisors of the University of Louisiana System.

IT IS FURTHER DENIED as to Defendants' claim that Plaintiffs seek punitive damages against the Board of Supervisors of the University of Louisiana System for the reasons assigned therein.

New Orleans, Louisiana, this 26th day of February 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**