UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA JONES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-2304** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

Before the Court is a Motion to Release Attorneys' Fees and Costs from the Registry of the Court.  Plaintiff, Angela Jones, ("Jones") is moving for this Court to release attorneys' fees and costs from the registry of the court pursuant to Louisiana Rules of Professional Conduct, "advocating prompt distribution of all portions of property as to which the interests are not in dispute." R. Doc. 120. This instant motion was opposed. R. Doc. 121. The Plaintiff has asked for the release of $30,000 in attorneys' fees and $2,695 in costs. R. Doc. 139.

### I.   Background

On October 7, 2014, the Plaintiff filed a complaint against all defendants, Board of Supervisors of the University of Louisiana System, Michael Prescott, Kevin Knudsen, Kevin Brady, Carmen Bray, and Mike McGill.  The Plaintiff alleged that she was discriminated against based on race and gender pursuant to Title VII of the Civil Right Act of 1964. Additionally, this action arises under 5 U.S.C. § 2302(b)(8) and 42 U.S.C. § (3). R. Doc. 1.

On March 22, 2016, the Plaintiff Angela Jones and Defendants to this suit had a settlement conference and successfully reached an agreement. R. Doc. 115. On May 12, 2016, the Court ordered that the proceeds be deposited into the registry of the court. Pursuant to the court order, Defendants have deposited the settlement proceeds in the amount of $75,000.00 into the registry

of the court. R. Doc. 125. At this time, the Plaintiff seeks the release of fees and costs from the Registry of Court to pay her attorneys.

## II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

### III.     Reasonable Hourly Rate

As proof of reasonableness of rates charged, the Plaintiff submitted affidavits of attorneys Elton Heron ("Heron") and Joel G. Porter ("Porter"). The affidavits provided confirmed the reasonableness of the time requested and hourly rate charged for the aforementioned attorneys. R. Doc. 139-1 (discussing qualifications and experience of Elton Heron); R. Doc. 139-2 (discussing qualifications and experience of Joel Porter). The Plaintiff also provided an itemized explanation of the two attorneys' rates and fee charged in the affidavit. R. Doc. 139, p. 1-8.

In the instant case, the Defendant has not argued that the hourly rates charged are unreasonable R. Doc. 121. Therefore, it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)). Since the hourly rate is not in dispute, the rate of $94.50 an hour for attorneys Heron and Porter is presumed reasonable. Moreover, this rate is a reduced rate from the attorneys' normal rate of $175.00, R. Doc. 139, p.7, and the Plaintiff has provided an affidavit of a similar case where the hourly rate was $200.00 for an attorney with similar experience. R. Doc. 139-3, p. 1. Plaintiff has also filed a separate affidavit stating that Porter could charge $200.00 per hour given his knowledge and experience. R. Doc. 139-4.

### IV.     Hours Reasonably Spent on Litigation

Next, the court must determine whether 317.5 hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Henseley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from the fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461

U.S. at 434. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgment". *Id.* at 437. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434.

Heron and Porter submitted an itemized transaction listing legal services rendered. R. Doc. 139, p. 1-7. According to the transaction listing, Heron and Porter spent a combined 317.5 hours, at the hourly rate of $94.50, on work done on this instant case. *Id.* For this time and this rate, the Plaintiff's attorneys have asked for $30,000.[2] The Court finds that the time allocated for the various legal services rendered for the instant case is reasonable. Moreover, the Plaintiff's attorneys appear to have exhibited billing judgment in not listing hours for which they did not have sufficient documentation. R. Doc. 139, p. 1. Thus, the Court finds total amount of $30,000.00 to be reasonable.

## V.     Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered

---

[2]Note, Plaintiff's attorneys have requested $30,000. R. Doc. 139, p. 7. Although the Court finds that the total hours (317.5) at the stated rate ($94.50) would total fees of $30,003.75, the Court will award the requested amount.

when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VI. Filling, Witness, and Travel Fees

Heron and Porter also submitted documents requesting award for fees in conjunction with filing documents, witness testimonies, and travel expenses, which is undisputed. The fee agreement with the Plaintiff contemplates the payment of these expenses by the Plaintiff. R. Doc. 120-3, p. 2. Heron and Porter are requesting $400.00 for the filing of the original complaint. R. Doc. 139, p. 7.

Pursuant to 28 U.S.C. § 1821 the above mentioned attorneys are also requesting award for witness per diem, eight witnesses have been listed with a per diem of $40 per person, giving a total amount of $320.00. R. Doc. 139, p. 7-8.

Heron and Porter are requesting $625.00 for the attorney's travel expenses. Counsel provided documentation stating that they traveled 2,500 miles at the rate of $0.25 per mile, giving a total amount of $625.00. R. Doc. 139, p. 8.

Lastly, counsel is requesting compensation for service fees: $450.00 for service of the original complaint, $450.00 for service of the Subpoena of Witnesses for Trial, and $450.00 for service of Subpoena of Witness for Resetting of Trial. Altogether, counsel is requesting service fees in a total amount of $1,350.00. R. Doc. 139, p. 8.

The Court will award Heron and Porter a total aggregate amount of $32,695.00: $30,000.00 for legal services rendered, $400.00 filing fee, $320.00 witness per diem, $625.00 travel expenses, and $1,350.00 for service fees.

## VII.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Release Attorney's Fees and Costs from the Registry of the Court (R.Doc.120)** is **GRANTED**. Elton Heron and Joel G. Porter are awarded reasonable attorney's fees and costs in the amount of **$32,695.00.**

**IT IS FURTHER ORDERED** that the clerk is authorized and directed to draw a check on the funds deposited in the registry of the court in the principal amount of **$32,695.00** payable to Elton Heron, 37218 Audubon Park Ave., Geismar, LA 70734, and Joel Porter, 1208 Julia Street, Baton Rouge, LA 70807, and mail the check to Elton Heron, 37218 Audubon Park Ave., Geismar, LA, no later than **twenty-one (21) days** from the signing of this Order.

New Orleans, Louisiana, this 29th day of August 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**