**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANGELA JONES ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:    14-2304** |
| **BOARD OF SUPERVISORS OF THE**<br>**LOUISIANA UNIVERSITY SYSTEM, ET AL** | **UNITED STATES**<br>**MAGISTRATE JUDGE**<br>**KAREN WELLS ROBY** |

**ORDER**

Before the Court is **Motion for Stay of Proceedings to Enforce a Judgment** (**R. Doc. 145**) filed by Defendant Michael Prescott seeking an order from the Court staying its Order releasing funds to Plaintiff Angela Jones (R. Doc. 144). For the following reasons, the motion is **DENIED.**

**I.    Background**

On March 22, 2016, Plaintiff Angela Jones entered into a settlement agreement with Defendant Michal Prescott and the other Defendants in her employment discrimination case. Following that settlement agreement, the Defendants deposited $75,000 into the registry of the Court in compliance with the Court's order and pursuant to the terms of the settlement agreement. R. Doc. 137. On August 29, 2016, this Court ordered that $32,695.00 be disbursed to pay the Plaintiff's attorneys. R. Doc. 143. Thereafter, on September 23, 2016, the Court ordered that the remainder of the $75,000 deposited with the Court be disbursed to the Plaintiff. R. Doc. 144.

At this time, Defendant Prescott has filed a motion for stay of this Court's order disbursing the funds of the settlement agreement to the Plaintiff. R. Doc. 145-1. In particular, Defendant Prescott states that he is entitled to an automatic stay pursuant to Federal Rule of Civil Procedure 62(a). *Id.* at p. 2. He further argues that the disbursement did not comply with Local Rule 67.3.

1

*Id.* at p. 3. Finally, Defendant Prescott requests a new trial under Federal Rule of Civil Procedure 59(1)(b) or (2). *Id.* p. 3-4.

## II.    Analysis

Defendant Prescott has moved the Court to stay its order disbursing funds to Plaintiff Angela Jones pursuant to Federal Rule of Civil Procedure 62(a). However, Federal Rule of Civil Procedure 62 does not countenance the relief the Defendant seeks. Federal Rule of Civil Procedure 62(a) states that "Except as stated in this rule, no execution may issue on a ***judgement,*** nor may proceeding be taken to enforce it, until 14 days have passed after its entry." (emphasis added). The disbursement of funds in the Registry of the Courtthat were placed in the registry as part of the resolution of a settlement agreement between the parties—which is the order that the Defendant challenges rather than the dismissal of the Board of Supervisors and Carmen Bray from the matter— is not a judgement[1] to which Rule 62(a) applies.[2]

Defendant has also argued that the Court's order failed to comply with Local Rule 67.3, namely that the Court did not comply with the certification requirement for review by the clerk. However, the Court did comply with this rule. R. Doc. 144, p. 1 (bearing the stamp of "certification of funds in the Registry" signed by the Financial Deputy on September 23, 2016).

Defendant finally moves for a new trial under Federal Rules of Civil Procedure "59(1)(b) [sic], or alternately, under 59(2) [sic]." R. Doc. 145-1, p. 3.  "A district court has discretion to grant

---

[1] A judgment is "[a] court's final determination of the rights and obligations of the parties in a case." *Judgment*, Black's Law Dictionary (10th ed. 2014). The order to disburse funds was not a final determination of the rights or obligations of the parties in this matter.

[2] Note, while not addressed in the Defendant's memorandum in support, the Defendant's motion for stay also references Federal Rule of Civil Procedure 62(c), (f), (g), & (h). However, none of these provisions are applicable. Rule 62(c) governs injunctions pending an appeal; there is no injunction in this case. Rule 62(f) governs stays in favor of a judgment debtor under state law; however, there is no judgment debtor in this litigation nor is the disbursement a lien on the judgment debtor's property. 62(g) references the appellate court's power; however, no appeal has been filed. 62(h) governs a stay with multiple claims or parties until a later judgment is entered; again, the Court's disbursement is not a judgment.

a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so 'to prevent an injustice.'" *Jones v. Ruiz*, 478 F. App'x 834, 2012 WL 1886484 at *1 (5th Cir. May 24, 2012) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir.1993)). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir.1999). Moreover, as the Court in *Theriot v. Parish of Jefferson*, 966 F. Supp. 1435, 1452 stated:

> "Rule 59(a)(2) provides that a district court exercising sound discretion may grant a new trial in nonjury actions for the same grounds as in jury actions under Rule 59(a)(1). Any such motion must be based upon manifest error of law or mistake of fact and a 'judgment should not be set aside except for substantial reasons.' 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2821, at 136 (1973)."

(quoting *Burzynski v. Travers*, 111 F.R.D. 15, 16 (E.D.N.Y.1986)). As an initial matter, the Court again reiterates that its disbursement of funds is not a judgment so as to trigger the rule. Moreover, even if the Court's order could trigger the rule, the Court finds no substantial injustice, manifest error of law, mistake of fact, nor substantial reason to set aside its order. Therefore, the Defendant's motion for new trial is denied.

## III.   Conclusion

**IT IS ORDERED** that the Defendant's **Motion for Stay of Proceedings to Enforce a Judgment (R. Doc. 145)** is **DENIED.**

New Orleans, Louisiana, this 26th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**